UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESS CONSTRUCTION CO., INC.,<br><br>                    Plaintiff,<br><br>   v.<br><br>MANUEL STRICKLAND.<br><br>                    Defendant. | Case No. 18-cv-00688-BAS-MDD<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

I. **BACKGROUND**

The instant case concerns a property at 233 North Mollison Avenue, El Cajon, CA 92021 (the "Property"). Manuel Strickland signed a six-month lease agreement to rent the Property on December 1, 2017, in which he agreed to pay monthly rent of $1,250. (ECF No. 2-2.) On February 2, 2108, Progress served Manuel Strickland with a three-day notice to pay $1,199.50 in rent or quit. (ECF No. 2-3.) Thereafter, Progress brought an unlawful detainer complaint in the Superior Court of California for the County of San Diego, which was electronically filed on February 27, 2018. (*Id*.) That complaint seeks past rent due of $1,199.50, damages at a rate of $40.83 for each day Strickland remains in possession of the Property from March 1, 2018 until entry of judgment, attorneys' fees, and forfeiture of the lease agreement. (*Id*.)

Strickland removed the case from state court to this Court on April 6, 2018, invoking this Court's federal question jurisdiction. (ECF No. 1, "Notice of Removal".) Presently before the Court is an *ex parte* motion filed by Progress Construction Company, Inc. ("Progress") for either an order shortening time on its motion to remand or a *sua sponte* remand order from this Court. For the reasons herein, the Court finds that Strickland's Notice of Removal is deficient and remands this action to the San Diego Superior Court.

## II. DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. §1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). Moreover, there is a strong presumption against removal jurisdiction. Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

Although Strickland has not filed a response to the *ex parte* motion, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address

subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)). Thus, the Court assesses whether removal was proper under its independent obligation to do so.

Here, Strickland's Notice of Removal asserts this Court has jurisdiction based on federal question under 28 U.S.C. §1441, 28 U.S.C. §1446(d), and California Code of Civil Procedure §430.90. (ECF No. 1-1.) The only federal statutes cited in the Notice merely provide for removal of an action from state court to federal court. The federal removal statutes cannot themselves provide the basis for a federal question. Generally, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). The complaint Progress filed in state court solely concerns unlawful detainer under California law and, thus, presents no federal question. *See Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also Sage Home Mortg., LLC v. Roohan*, No.: 17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at * (S.D. Cal. July 27, 2017) (same). Accordingly, federal question jurisdiction does not exist.

Although the Notice of Removal does not invoke diversity jurisdiction under 28 U.S.C. §1332, the Court further concludes that it lacks such jurisdiction over the Complaint. Even setting aside whether there is diversity between the parties, the amount in controversy in the complaint does not exceed the statutory minimum of $75,000 required to invoke diversity jurisdiction. "In unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real

property, determines the amount in controversy." *Litton Loan Servicing, L.P. v. Villegas*, No. C 10–05478 PJH, 2011 WL 204322, *2 (N.D. Cal. Jan. 21, 2011); *see also 28620 Gordon Hill Rd. Trust Dated 10/2/2015 v. Easterling*, No. 15-cv-02671-BAS-JLB, 2016 WL 6305243, at *2 (S.D. Cal. Jan. 8, 2016) (same). Here, the state court complaint seeks only $1,199.50 in past due rent plus the $40.83 per day from March 1, 2018 until entry of judgment, which would be $2,000.67 as of the date of this Order. The total amount of damages is thus $3,200.17. This is far below the statutory minimum for diversity jurisdiction.

## III. CONCLUSION & ORDER

Because Strickland cannot establish subject matter jurisdiction, removal was improper and the Court *sua sponte* **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court **TERMINATES AS MOOT** the *ex parte* motion. (ECF No. 2.)

**IT IS SO ORDERED.**

**DATED: April 20, 2018**

Hon. Cynthia Bashant
United States District Judge